COURT OF CHANCERY
OF THE
STATE OF DELAWARE

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: September 27, 2021
Date Decided: October 4, 2021

Edward B. Micheletti, Esq.
Jacob J. Fedechko, Esq.
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899

Blake Rohrbacher, Esq.
Andrew L. Milam, Esq.
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801

RE: *Brett Lay and Brian Mass v. Ram Telecom International, Inc.*,
C.A. No. 2021-0631-SG

Dear Counsel:

This Letter Opinion considers, and denies, the Defendant's Motion to Stay or Dismiss and Opposition to Plaintiffs' Motion for Expedited Proceedings (the "Motion").[1] On June 9, 2021, the Plaintiffs sent a letter to the Defendant seeking indemnification and advancement of their fees and expenses incurred in defending an action the Defendant and others had filed against them in the Superior Court of California (the "California Action").[2] The Defendant did not respond.[3] Instead, five

---

[1] Def.'s Mot. Stay or Dismiss and Opp'n Pls.' Mot. Expedited Proceedings, Dkt. No. 7 [hereinafter the "Motion"].
[2] Verified Compl. for Advancement, Dkt. No. 1 [hereinafter the "Complaint"], Ex. E.
[3] Pls.' Opp. Def.'s Mot. Stay or Dismiss and Reply in Further Supp. Pls.' Mot. Expedited Proceedings, Dkt. No. 15 ¶ 12 [hereinafter the "Opposition"].

days later, on June 14, 2021, the Defendant and the other plaintiffs in the California Action amended their complaint to add a claim for declaratory relief, asking the California court to "declare that Lay and Mass are not entitled to indemnification or advancement."[4]  About a month later, on July 20, 2021, the Plaintiffs initiated this action, seeking advancement of their fees and costs incurred in the California Action, as well as fees on fees incurred in this action.[5]

On August 2, 2021, the Defendant filed the Motion, seeking a stay or dismissal of this action in light of the California Action and opposing the Plaintiffs' Motion for Expedited Proceedings (the "Motion to Expedite") in this action.[6]  On August 11, 2021, the Plaintiffs filed an opposition to the Motion and a reply in further support of their Motion to Expedite (the "Opposition").[7]  The Defendant filed a letter reply on August 16, 2021.[8]  On September 24, 2021, the Defendant filed a letter enclosing supplemental authority.[9]  The Plaintiffs filed a letter response on September 27, 2021,[10] and I considered the matter fully submitted as of that date.

---

[4] *See* Compl., Ex. D ¶¶ 526–29.
[5] *See* Compl. ¶¶ 34–48.
[6] *See generally* Motion.
[7] *See generally* Opposition.
[8] Dkt. No. 16.
[9] Dkt. No. 21.
[10] Dkt. No. 25.

The Defendant argues that this action should be stayed in favor of the supposedly "first-filed" California Action, under the *McWane* doctrine.[11] Under *McWane*, this Court's "discretion should be exercised freely in favor of the stay when there is a prior action pending elsewhere, in a court capable of doing prompt and complete justice, involving the same parties and the same issues."[12]

The Defendant argues that the California Action is a "prior pending action" under *McWane* because it was filed more than four months before this action, and because the amended complaint in the California Action asserting the declaratory judgment claim concerning advancement was filed over a month before the Plaintiffs initiated this action.[13] The Defendant cites *Johnston v. Caremark RX, Inc.*[14] for the proposition that a stay should be issued under *McWane* "where advancement claims were already at issue in a prior-filed, pending action."[15]

In *Johnston*, this Court stayed an advancement action in favor of a first-filed action in which *the same indemnitee* had already asserted advancement rights.[16] In contrast, this Court has declined to stay an advancement action where the

---

[11] *See McWane Cast Iron Pipe Corp. v. McDowell-Wellman Eng'g Co.*, 263 A.2d 281, 283 (Del. 1970).

[12] *Id.*

[13] Motion ¶ 17.

[14] 2000 WL 354381, at *2–5 (Del. Ch. Mar. 28, 2000).

[15] Motion ¶ 18.

[16] *Johnston*, 2000 WL 354381, at *1, 3.

advancement right was not sought by the indemnitee in the prior filed action.[17]  In *Fuisz v. Biovail Technologies, Ltd.*, for instance, the plaintiffs sought advancement under Section 145(k) for a Virginia action in which they had already asserted their indemnification and advancement rights as an affirmative defense, but they "did nothing to obtain any relief from the Virginia court on the basis of this defense."[18] This Court declined to stay the advancement action, stating,

> Unless the person having such an entitlement first actively invokes the jurisdiction of a foreign tribunal and seeks an adjudication of that issue from it (or some other compelling circumstance amounting to a substantial conflict between the two jurisdictions exists), this court will not regard the foreign action as "first-filed" for purposes of *McWane's* comity-based analysis.[19]

Here, as in *Fuisz*, "the [Plaintiffs] did not choose [California] as the forum and have made no effort to obtain any adjudication from the [California] court of any of the issues presented" in this action.[20]  Nor have the Plaintiffs here responded to the declaratory relief claim in the California Action.[21]  Rather, it was *the Defendant* in this action who sought a declaratory judgment in the California Action concerning the Plaintiffs' advancement and indemnification rights.[22]

---

[17] *See Fuisz v. Biovail Techs., Ltd.*, 2000 WL 1277369, at *4 (Del. Ch. Sept. 6, 2000) (denying stay of advancement action where prior action was not filed by indemnitee).
[18] *Id.* at *2.
[19] *Id.* at *1.
[20] *See id.* at *4.
[21] Opposition ¶ 12; Dkt. No. 16 at 2.
[22] *See* Compl., Ex. D ¶¶ 526–29.

The reasoning of the *Fuisz* Court is especially compelling here, where the Defendant amended the complaint in the California Action to add the declaratory relief claim only *after* the Plaintiffs sent an indemnification and advancement demand.[23]  Indeed, under the Defendant's theory, any plaintiff that receives an advancement demand from a defendant could circumvent the indemnitee's right to a summary advancement proceeding in Delaware under Section 145(k) by simply amending its complaint to add a declaratory relief claim on the advancement issue upon receiving the demand.  That is not our law.  Accordingly, because the California Action is not a "first-filed" action, the *McWane* doctrine is inapplicable.

The Defendant also cites *Harmon 1999 Descendants' Trust v. CGH Investment Management, LLC*, in which this Court stayed an advancement action in favor of a federal action even though the plaintiff had not claimed advancement in the federal action.[24]  *Harmon* is also inapplicable.  In *Harmon*, this Court reasoned that the federal action was "in its penultimate phase" and contained the "overlapping question of whether the [putative indemnitee] is a limited partner," which was a "material, factually rife, and disputed issue" in the advancement action.[25]  Thus, the Court held that because "the federal court is likely to resolve this factual issue before this court could," "efficiencies could be gained by staying this suit in favor of the

---

[23] *See* Opposition ¶ 4.
[24] 2021 WL 4270220, at *3 & n.12 (Del. Ch. Sept. 21, 2021).
[25] *Id.* at *1–2.

[federal] [a]ction."[26]  In contrast, the Motion here does not identify any "material, factually rife, and disputed issue" that must be decided in the California Action before the question of advancement can be resolved here, nor does the Motion contend that the California Action is "in its penultimate phase."[27]  In short, the compelling circumstances cited by the *Harmon* Court are lacking here.

Accordingly, because the Motion does not present "exceptional circumstances" warranting a departure from the rule that "claims under Section 145(k) for advancement of expenses should not be stayed or dismissed in favor of the prior pending foreign litigation that give rise to them,"[28] I decline to stay this action in favor of the California Action.

The Defendant also opposes the Plaintiffs' Motion to Expedite, although it does not articulate any basis for that opposition beyond its argument that this action should be stayed or dismissed.  Accordingly, I grant the Motion to Expedite for the same reasons that I decline to stay this action.

---

[26] *Id.* at *2.

[27] *See id.* at *1–2.  In fact, the California Action does not appear to be in an antepenultimate, or even a preantepenultimate phase.  It is in, as the British tend to say, early days.

[28] *See Fuisz*, 2000 WL 1277369, at *1.

For the forgoing reasons, the Defendant's Motion is DENIED and the Plaintiffs' Motion to Expedite is GRANTED.

IT IS SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III

cc:    All counsel of record (by *File & ServeXpress*)

7